**Jerome PITTMAN, Diane Pittman,**

**v.**

**ASPLUNDH TREE EXPERT CO., Consolidated Utility Equipment Service, Inc.,**

**v.**

**TOWN OF DEDHAM.**

**Civ. A. No. 85–4064–Mc.**

United States District Court, D. Massachusetts.

Dec. 22, 1987.

Steven E. Ernstoff, Boston, Mass., for plaintiffs.

Richard L. Edwards, Campbell and Associates, P.C., Boston, Mass., for defendants.

Edward J. Shagory, Boston, Mass., for Consolidated Equipment.

Paul W. Goodrich, Morrison, Mahoney & Miller, Boston, Mass., for third-party defendant Town of Dedham.

---

## ORDER ON ORAL MOTION FOR A PROTECTIVE ORDER

ROBERT B. COLLINGS, United States Magistrate.

The plaintiff Jerome Pittman was injured in the course of his employment for the Town of Dedham; he collected workmen's compensation benefits from his employer's workmen's compensation carrier. He brought the above-styled action against the manufacturer and distributor of the vehicle he was operating when his injuries occurred. The defendant Asplundh filed a third-party complaint against the Town of Dedham seeking contribution. The plaintiff's wife, Diane Pittman, sued the Town of Dedham for loss of consortium.

The defendant Consolidated has settled with the plaintiffs; the Town of Dedham has settled with the plaintiff Diane Pittman. The District Judge has allowed Town of Dedham's motion for summary judgment on Asplundh's third-party complaint.

Counsel for the Town of Dedham indicates that he will file a motion for entry of separate judgment pursuant to Rule 54(b), F.R.Civ.P., on Asplundh's third-party complaint against the Town; counsel for Asplundh represents that if separate judgment is entered, Asplundh will not appeal.

The question to be resolved is whether, as of this date, counsel for the Town of Dedham may participate in depositions of Asplundh personnel which have been noticed by plaintiff's counsel. Counsel for Asplundh argues that he may not and has orally moved for a protective order.

■ There are two aspects to this question. The first is whether counsel may participate on behalf of the Town of Dedham. In all the circumstances, I rule that he may not. The Town of Dedham has settled all claims against it except for the claim of Asplundh; as to Asplundh's claim, summary judgment has entered in the Town's favor. If the Town of Dedham is going to seek the entry of separate judgment immediately in order to be removed from the case entirely and Asplundh is not going to appeal any separate judgement which is entered, it makes no sense to allow counsel for the Town to participate in further discovery. Thus, the motion for protective order will be allowed and counsel for the Town shall not be permitted to participate in further discovery in this case. The one proviso is that if for some reason, the order granting summary judgment is vacated, the Town will be permitted to depose Asplundh's witnesses and all the expenses of those depositions shall be borne by Asplundh.

■ The second aspect of the question is whether counsel for the Town, who actually represents the Town's workmen's compensation carrier, can participate as co-counsel for the plaintiff on the basis of the lien which now exists as against any monies the plaintiff Jerome Pittman receives from Asplundh. In my opinion, he may not. The workmen's compensation carrier could have brought the third-party action in plaintiff's name but had to do so before the plaintiff himself brought the action. In this case, the plaintiff himself, represented by private counsel, brought the action first and thereby won the "race" to the court house. Accordingly, plaintiff's counsel shall control the litigation. Counsel for the Town's workmen's compensation carrier may enter an appearance and attend depositions and receive copies of papers served on the other parties; he may also suggest questions to plaintiff's counsel to ask at depositions. But he may not question witnesses nor initiate any discovery. To this extent, Asplundh's motion for a protective order is allowed.